Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

WENDY SLOAN, an individual,

Plaintiff,

v.

ZULILY, LLC, a Delaware Limited
Liability Company; BETTER THAN
BOWS, INC., a Georgia Corporation;
PAISLEY PUNKINS, a Business Entity
of Unknown Form; RYLEE FAITH
DESIGNS BOUTIQUE, INC., a Florida
Corporation; SPARKLE IN PINK LLC, a
Utah Limited Liability Company; SWEET
GIRLS BOUTIQUE, a Business Entity of
Unknown Form; TINY RUFFLES
BOUTIQUE, a Business Entity of
Unknown Form; TDAZZLED TOO, LLC,
an Oklahoma Limited Liability Company;
DOLLIPOPS KIDZ, a Business Entity of
Unknown Form; GABSKIA, INC., a Utah
Corporation; LADY CHARM ONLINE, a

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT
   INFRINGEMENT;

2. VICARIOUS AND/OR
   CONTRIBUTORY
   COPYRIGHT
   INFRINGEMENT; AND

3. VIOLATION OF THE
   DIGITAL MILLENNIUM
   COPYRIGHT ACT
   (17 U.S.C. §1202)

Jury Trial Demanded

- 1 -

COMPLAINT

Business Entity of Unknown Form;
DASH OF GLITTER, a Business Entity
of Unknown Form; POUT N PINK LLC,
an Arizona Limited Liability Company;
LITTLE FASHIONISTA BOUTIQUE, a
Business Entity of Unknown Form;
ALANDALIE BOUTIQUE, a Maryland
privately held company; BORN THIS
WAY BOUTIQUE, a Business Entity of
Unknown Form; GIRLS CROCHET
HEADBANDS dba SHOP GIRLS
CLOTHING HUT, a Missouri Business
Entity of Unknown Form;  GUMDROPS
& GLAM LLC, a Louisiana Limited
Liability Corporation; HIP KIDS
BOUTIQUE a Business Entity of
Unknown Form; INFANTILE LLC, a
Texas Limited Liability Company;
JOSPHINE VICTORIA LLC, an Iowa
Limited Liability Company;
LUXXOLOGY LLC, a Missouri Limited
Liability Company; MY 4 PRINCESSES
LLC, a New Jersey Limited Liability
Company; OH DEER CHILDREN'S
BOUTIQUE LLC, a Minnesota Limited
Liability Company; SHOP AND DROP
INTERNET STORE, a North Carolina
Business Entity of Unknown Form;
SPADES BOUTIQUE, a Business Entity
of Unknown Form; and DOES 1 through
10,

Defendants.

Plaintiff, WENDY SLOAN, by and through her undersigned attorneys, hereby

prays to this honorable Court for relief based on the following:

### **INTRODUCTION**

COMPLAINT

1   Plaintiff is an artist and designer whose unique and compelling work has been
2   misappropriated and incorporated into unauthorized apparel items, which items were
3   then marketed and sold to the public. The fabric bearing the unauthorized copies of
4   Plaintiff's work appears to have originated at a common source before being
5   distributed to the numerous parties that then sold the infringing conduct. This action
6   is brought to address the widespread infringement of Plaintiff's rights in her work.

## JURISDICTION AND VENUE

7   1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101
9   *et seq.*

10   2.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and
11   1338 (a) and (b).

12   3.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and
13   1400(a) in that this is the judicial district in which a substantial part of the acts and
14   omissions giving rise to the claims occurred.

## PARTIES

16   4.  Plaintiff WENDY SLOAN ("SLOAN") is an individual residing in the State
17   of Virginia.

18   5.  Plaintiff is informed and believes and thereon alleges that Defendant
19   ZULILY, LLC ("ZULILY") is a limited liability company organized and existing
20   under the laws of the State of Delaware with its principal place of business located at
21   2601 Elliott Avenue, Seattle, Washington 98121, and is doing business in and with
22   the State of California.

23   6.  Plaintiff is informed and believes and thereon alleges that Defendant
24   BETTER THAN BOWS, INC. ("BOWS") is a corporation organized and existing
25   under the laws of the State of Georgia with its principal place of business located at
26   1529 West McIntosh Road, Griffin, Georgia 30223, and is doing business in and
27   with the State of California.

28   7.  Plaintiff is informed and believes and thereon alleges that Defendant

PAISLEY PUNKINS ("PAISLEY") is a business entity of unknown form with its principal place of business located at 49 Milan Hwy V, Bradford, Tennessee 38316, and is doing business in and with the State of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant RYLEE FAITH DESIGNS BOUTIQUE, INC. ("RYLEE") is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 600 West Johns Creek Parkway, Saint Augustine, Florida 32092, and is doing business in and with the State of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant SPARKLE IN PINK LLC ("SPARKLE") is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 1197 West Huntmoor Court, Riverton, Utah 84065, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant SWEET GIRLS BOUTIQUE ("SWEET") is a business entity of form unknown with its principal place of business located at 2140 Little Flat Ledford, Sharpesburg, Kentucky 40374, and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant TINY RUFFLES BOUTIQUE ("TINY") is a business entity of form unknown with its principal place of business located at 3918 Arrowwood Bend, San Antonio, Texas 78261, and is doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant TDAZZLED TOO, LLC ("TDAZZLED") is a limited liability company organized and existing under the laws of the State of Oklahoma with its principal place of business located at 19540 Talavera Lane, Edmond, OK 73012, and is doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant DOLLIPOPS KIDZ ("DOLLIPOPS") is a business entity of unknown form with its

principal place of business located in Dallas-Fort Worth, Texas, and is doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant GABSKIA, INC. ("GABSKIA") is a corporation organized and existing under the laws of the State of Utah with its principal place of business located at 6422 Lonebellow Drive, West Jordan, Utah 84081, and is doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant LADY CHARM ONLINE ("LADY") is a business entity of unknown form with its principal place of business located at 11422 Harry Hines Boulevard Suite 121, Dallas, Texas 75229, and is doing business in and with the State of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant DASH OF GLITTER ("DASH") is a business entity of unknown form with its principal place of business located at 654 Perry Lane, Thorndale, TX 76577, and is doing business in and with the State of California.

17. Plaintiff is informed and believes and thereon alleges that POUT N PINK LLC ("POUT") is a limited liability company organized and existing under the laws of the State of Arizona with its principal place of business located at 1530 S. Val Vista Drive #106, Gilbert, Arizona 85296, and is doing business in and with the State of California.

18. Plaintiff is informed and believes and thereon alleges that LITTLE FASHIONISTA BOUTIQUE ("LITTLE FASHIONISTA") is a business entity of unknown form with its principal place of business located at located at 42 Townsend St., Milltown, NJ 08850, and is doing business in and with the State of California.

19. Plaintiff is informed and believes and thereon alleges that ALANDALIE BOUTIQUE ("ALANDALIE") is a privately held company with its principal place of business located at 2905 Montclair Drive, Ellicott City, MD 21043 and is doing business in and with the State of California.

20. Plaintiff is informed and believes and thereon alleges that BORN THIS WAY BOUTIQUE ("BORN THIS WAY") is a business entity of form unknown with its principal place of business located at 10 Skeena Street, Billings, MT 59105 and is doing business in and with the State of California.

21. Plaintiff is informed and believes and thereon alleges that GIRLS CROCHET HEADBANDS, doing business as SHOP GIRLS CLOTHING HUT, a Missouri business entity of unknown form with its principal place of business located 3710 Kimber St., Nixa, MO 65714 and is doing business in and with the State of California.

22. Plaintiff is informed and believes and thereon alleges that GUMDROPS & GLAM ("GUMDROPS") a limited liability company organized and existing under the laws of the State of Louisiana with its principal places of business located at 802 Marino Drive, OFC, Norco, LA 70079 and is doing business in and with the State of California.

23. Plaintiff is informed and believes and thereon alleges that HIP KIDS BOUTIQUE ("HIP KIDS") is a business entity of unknown form and is doing business in and with the State of California.

24. Plaintiff is informed and believes and thereon alleges that INFANTILE LLC ("INFANTILE") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 3910 Forest Island St., San Antonio, TX 78230 and is doing business in and with the State of California.

25. Plaintiff is informed and believes and thereon alleges that JOSEPHINE VICTORIA LLC ("JOSEPHINE") is a limited liability company organized and existing under the laws of the State of Iowa with its principal place of business located at 3235 5th St., Marion, IA 52302 and is doing business in and with the State of California.

26. Plaintiff is informed and believes and thereon alleges LUXXOLOGY, LLC

COMPLAINT

("LUXXOLOGY") is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business located at 18107 Guinevere Ct., Smithville, MO 64089 and is doing business in and with the State of California.

27. Plaintiff is informed and believes and thereon alleges that MY 4 PRINCESSES LLC is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located in Somerdale, NJ 08083 and is doing business in and with the State of California.

28. Plaintiff is informed and believes and thereon alleges that OH DEER CHILDRENS BOUTIQUE LLC ("OH DEER") is a limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business located at 818 Winona Street, Northfield, MN 55057 and is doing business in and with the State of California.

29. Plaintiff is informed and believes and thereon alleges that SHOP AND DROP INTERNET STORE ("SHOP AND DROP") is a North Carolina business entity of unknown form with its principal place of business located in Trinity, North Carolina and is doing business in and with the State of California.

30. Plaintiff is informed and believes and thereon alleges that SPADES BOUTIQUE ("SPADES") is a business entity of unknown form and is doing business in and with the State of California.

31. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric incorporating Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names

- 7 -

and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

32. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

33. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN UNICORN BUNNIES AND BUBBLES

34. Prior to the conduct complained of herein, Plaintiff composed an original artwork for use in the apparel industry. It allocated this design Plaintiff's Internal Design Name Unicorn Bunnies and Bubbles ("Subject Design A"). This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned in exclusivity by Plaintiff.

35. Plaintiff owns a United States Copyright Registration covering Subject Design A.

1       36. Prior to the acts complained of herein, Plaintiff market and sold product

2   incorporating Subject Design A in the fashion and apparel industries.

3       37. Following this distribution of product bearing the Subject Design A,

4   Plaintiff's investigation revealed that certain entities within the fashion and apparel

5   industries had misappropriated Subject Design A, and were selling fabric and

6   garments bearing illegal reproductions and/or derivations of Subject Design A.

7       38. Plaintiff is informed and believes and thereon alleges that, without

8   Plaintiff's authorization, ZULILY, BOWS, PAISLEY, RYLEE, SPARKLE,

9   SWEET, TINY, TDAZZLED, DOLLIPOPS, GABSKIA, LADY, DASH, POUT,

10  LITTLE FASHIONISTA, ALANDALIE, BORN THIS WAY, GIRLS CLOTHING

11  HUT, GUM DROPS, HIP KIDS, INFANTILE, JOSEPHINE, LUXXOLOGY, MY 4

12  PRINCESSES, OH DEER, SHOP AND DROP, SPADES, and others, including

13  certain Doe defendants created, sold, manufactured, caused to be manufactured,

14  imported and/or distributed fabric and/or garments incorporating fabric that bears

15  artwork identical to or substantially similar to Subject Design A ("Infringing Product

16  A"). Such garments include, but are not limited to the garments set forth hereunder.

17              a. Garments sold by ZULILY. It is apparent from a comparison of the

18                 Subject Design and a ZULILY Infringing Garment that the elements,

19                 composition, colors, arrangement, and appearance of the designs are

20                 substantially similar.  See below for a comparison of one such

21                 Subject Product and the Subject Design.

22

23

24

25

26

27  ///

28

| Subject Design A | ZULILY Infringing Product A Exemplar |
|---|---|
|  |  |

b. Garments sold by DASH. It is apparent from a comparison of the Subject Design and a DASH Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | DASH Infringing Product A Exemplar |
|---|---|
| |  |

- 10 -

COMPLAINT

1    c.  Garments sold by PAISLEY. It is apparent from a comparison of the
2        Subject Design and a PAISLEY Infringing Garment that the
3        elements, composition, colors, arrangement, and appearance of the
4        designs are substantially similar.  See below for a comparison of one
5        such Subject Product and the Subject Design.

| Subject Design A | PAISLEY Infringing Product A Exemplar |
|---|---|
|  | |

    d.  Garments sold by BOWS. It is apparent from a comparison of the
        Subject Design and a BOWS Infringing Garment that the elements,
        composition, colors, arrangement, and appearance of the designs are
        substantially similar.  See below for a comparison of one such
        Subject Product and the Subject Design.

///

COMPLAINT

| Subject Design A | BOWS Infringing Product A Exemplar |
|---|---|
|  |  |

    e.  Garments sold by TDAZZLED. It is apparent from a comparison of the Subject Design and a TDAZZLED Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | TDAZZLED Infringing Product A Exemplar |
|---|---|
|  |  |

f.  Garments sold by GABSKIA. It is apparent from a comparison of the Subject Design and a GABSKIA Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | GABSKIA Infringing Product A Exemplar |
|---|---|
|  | |

g.  Garments sold by RYLEE. It is apparent from a comparison of the Subject Design and a RYLEE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

///

COMPLAINT

| Subject Design A | RYLEE Infringing Product A Exemplar |
|---|---|
|  |  |

h. Garments sold by SPARKLE. It is apparent from a comparison of the Subject Design and a SPARKLE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | SPARKLE Infringing Product A Exemplar |
|---|---|
|  |  |

- 14 -

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i.  Garments sold by SWEET. It is apparent from a comparison of the Subject Design and a SWEET Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | SWEET Infringing Product A Exemplar |
|---|---|
|  |  |

j.  Garments sold by TINY. It is apparent from a comparison of the Subject Design and a TINY Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

///

| Subject Design A | TINY Infringing Product A Exemplar |
|---|---|
|  |  |

k.  Garments sold by LADY. It is apparent from a comparison of the Subject Design and a LADY Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | LADY Infringing Product A Exemplar |
|---|---|
| |  |

COMPLAINT

1

2      l.   Garments sold by DOLLIPOPS. It is apparent from a comparison of

3           the Subject Design and a DOLLIPOPS Infringing Garment that the

4           elements, composition, colors, arrangement, and appearance of the

5           designs are substantially similar.  See below for a comparison of one

6           such Subject Product and the Subject Design.

7

| Subject Design A | DOLLIPOPS Infringing Product A Exemplar |
|---|---|
|  | |

8
9
10
11
12
13
14
15
16
17
18
19      m.  Garments sold by POUT. It is apparent from a comparison of the

20           Subject Design and a POUT Infringing Garment that the elements,

21           composition, colors, arrangement, and appearance of the designs are

22           substantially similar.  See below for a comparison of one such

23           Subject Product and the Subject Design.

24
25
26
27     ///
28

COMPLAINT

| Subject Design A | POUT Infringing Product A Exemplar |
|---|---|
|  |  |

n. Garments sold by GIRLS CLOTHING HUT. It is apparent from a comparison of the Subject Design and a GIRLS CLOTHING HUT Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar. See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | GIRLS CLOTHING HUT Infringing Product A Exemplar |
|---|---|
|  |  |

o. Garments sold by INFANTILE. It is apparent from a comparison of the Subject Design and an INFANTILE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | INFANTILE<br>Infringing Product A Exemplar |
|---|---|



p. Garments sold by JOSPEHINE VICTORIA. It is apparent from a comparison of the Subject Design and a JOSEPHINE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

///

- 19 -

| Subject Design A | JOSPEHINE<br>Infringing Product A Exemplar |
|---|---|
|  |  |

q.  Garments sold by LUXXOLOGY. It is apparent from a comparison of the Subject Design and a LUXXOLOGY Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design A | LUXXOLOGY<br>Infringing Product A Exemplar |
|---|---|
|  |  |

COMPLAINT

r.  Garments sold by SHOP AND DROP. It is apparent from a
comparison of the Subject Design and a SHOP AND DROP
Infringing Garment that the elements, composition, colors,
arrangement, and appearance of the designs are substantially similar.
See below for a comparison of one such Subject Product and the
Subject Design.

| Subject Design A | SHOP AND DROP Infringing Product A Exemplar |
|---|---|
|  | |

39. It is apparent from a comparison of the Subject Design and a TDAZZLED
Infringing Garment that the elements, composition, colors, arrangement, and
appearance of the designs are substantially similar.  See below for a comparison of
one such Subject Product and the Subject Design.

///

COMPLAINT

| Subject Design A | Infringing Product A Exemplar |
|---|---|
|  | |

## CLAIMS RELATED TO DESIGN MINT BUNNIES

40. Prior to the conduct complained of herein, Plaintiff composed an original artwork for use in the fashion industry. It allocated this design Plaintiff's Internal Design Name Mint Bunnies ("Subject Design B"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusivity by Plaintiff.

41. Plaintiff owns a United States Copyright Registration covering Subject Design B.

42. Prior to the acts complained of herein, Plaintiff marketed and sold product incorporating Subject Design B to parties in the fashion and apparel industries.

43. Following this distribution of product bearing Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

- 22 -

COMPLAINT

44. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, TDAZZLED, and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric featuring artwork identical to or substantially similar to Subject Design B ("Infringing Product B"). Such garments include, but are not limited to, garments sold by TDAZZLED and pictured hereunder. Below is a comparison of Subject Design B and one exemplar of Infringing Product B:

| Subject Design B | Infringing Product B Exemplar |
| --- | --- |
|  |  |

45. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the bunny designs, artworks at issue are substantially similar.

## CLAIMS RELATED TO DESIGN LEAPING UNICORNS

46. Prior to the conduct complained of herein, Plaintiff composed an original artwork for use in the fashion industry. It allocated this design Plaintiff's Internal Design Name Leaping Unicorns ("Subject Design C"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusivity by Plaintiff.

COMPLAINT

47. Plaintiff owns a United States Copyright Registration covering Subject Design C.

48. Prior to the acts complained of herein, Plaintiff marketed and sold product incorporating Subject Design C to parties in the fashion and apparel industries.

49. Following this distribution of product bearing Subject Design C, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design C, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design C.

50. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, RYLEE, TINY, and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric featuring artwork identical to or substantially similar to Subject Design C ("Infringing Product C"). Such garments include, but are not limited to, garments sold by RYLEE and TINY and pictured hereunder.

     a. Garments sold by RYLEE. It is apparent from a comparison of the Subject Design and a RYLEE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

///

- 24 -

COMPLAINT

| Subject Design C | RYLEE Infringing Product C Exemplar |
|---|---|
|  | |

b. Garments sold by TINY. It is apparent from a comparison of the Subject Design and a TINY Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design C | TINY Infringing Product C Exemplar |
|---|---|

c.  Garments sold by LITTLE FASHIONISTA. It is apparent from a comparison of the Subject Design and a LITTLE FASHIONISTA Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar. See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design C | LITTLE FASHIONISTA Infringing Product C Exemplar |
|---|---|
|  |  |

d.  Garments sold by ALANDALIE. It is apparent from a comparison of the Subject Design and an ALANDALIE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

///

| Subject Design C | ALANDALIE Infringing Product C Exemplar |
|---|---|
|  |  |

e. Garments sold by BORN THIS WAY. It is apparent from a comparison of the Subject Design and a BORN THIS WAY Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar. See below for a comparison of one such Subject Product and the Subject Design.

///

- 27 -

| Subject Design C | BORN THIS WAY<br>Infringing Product C Exemplar |
|---|---|
|  | |

f.  Garments sold by GUMDROPS. It is apparent from a comparison of the Subject Design and a GUMDROPS Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design C | GUMDROPS<br>Infringing Product C Exemplar |
|---|---|
|  | |

- 28 -

g.  Garments sold by HIP KIDS. It is apparent from a comparison of the Subject Design and a HIP KIDS Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design C | HIP KIDS Infringing Product C Exemplar |
|---|---|
|  |  |

h.  Garments sold by MY 4 PRINCESSES. It is apparent from a comparison of the Subject Design and a MY 4 PRINCESSES Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar. See below for a comparison of one such Subject Product and the Subject Design.

///

| Subject Design C | MY 4 PRINCESSES<br>Infringing Product C Exemplar |
|---|---|
|  |  |

     i.  Garments sold by OH DEER. It is apparent from a comparison of the Subject Design and a OH DEER Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

///

COMPLAINT

| Subject Design C | OH DEER<br>Infringing Product C Exemplar |
|---|---|
|  |  |

j.  It is apparent from a comparison of the Subject Design and a SPARKLE Infringing Garment that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Subject Product and the Subject Design.

| Subject Design C | SPARKLE Infringing Product C Exemplar |
|---|---|
|  |  |

COMPLAINT

k.  Garments sold by SPADES. It is apparent from a comparison of the
Subject Design and a SPADES Infringing Garment that the elements,
composition, colors, arrangement, and appearance of the designs are
substantially similar.  See below for a comparison of one such
Subject Product and the Subject Design.

| Subject Design C | SPADES<br>Infringing Product C Exemplar |
|---|---|
|  |  |

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

51. Plaintiff repeats, realleges, and incorporates herein by reference as though
fully set forth, the allegations contained in the preceding paragraphs of this
Complaint.

52. The exemplars pictured in this Complaint are non-inclusive, and allegations
and claims made herein are made as to any and all uses, exploitations, and product
that incorporate or bear Subject Design A, Subject Design B, or Subject Design C.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, Subject Design B, and Subject Design C (collectively, "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers. Access is also established by the striking similarity between Plaintiff's artwork and the corresponding artwork on Defendants', and each of their, infringing product.

54. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

55. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

56. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

COMPLAINT

57. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

58. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

59. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

60. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

61. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

62. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

63. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

64. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

65. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(Violation of the 17 U.S.C. §1202 - Against All Defendants)

66.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

67.    Plaintiff included her name, title, and other identifying and copyright management information in connection with her publication and use of the Subject Designs.

68.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information, in the form of metadata and text, on copies of the Subject Designs, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

69.    The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

70.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiffs resultantly seek enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### With Respect to Each Claim for Relief

1

a.  That Defendants, their agents and employees be enjoined from

2

infringing Plaintiff's copyrights in any manner, specifically those for the

3

Subject Designs;

4

b.  That Plaintiff be awarded all profits of Defendants plus all losses of

5

Plaintiff, plus any other monetary advantage gained by the Defendants

6

through their infringement, the exact sum to be proven at the time of

7

trial, or, if elected before final judgment, statutory damages as available

8

under the Copyright Act, 17 U.S.C. §§ 505, *et seq.*;

9

c.  That Plaintiff be awarded its costs and attorneys' fees as available under

10

the Copyright Act U.S.C. §§ 505, *et seq.*;

11

d.  That Plaintiff be awarded its costs, attorneys' fees, and statutory

12

damages under 17 USC § 1203.

13

e.  That Defendants, and each of them, account to Plaintiff for their profits

14

and any damages sustained by Plaintiff arising from the foregoing acts

15

of infringement;

16

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

17

g.  That Plaintiff be awarded the costs of this action; and

18

h.  That Plaintiff be awarded such further legal and equitable relief as the

19

Court deems proper.

20

    PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

21

PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE

22

UNITED STATES CONSTITUTION.

Respectfully submitted

23

24

Dated: November 8, 2017

25

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.

26

DONIGER / BURROUGHS
Attorneys for Plaintiff

27

28

COMPLAINT